# 2000 DTA 93

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO
PANEL I**

RAFAEL RIVERO CERVERA Y SU ESPOSA
HAYDEE RUIZ CRUZ, ET AL
Demandantes-Peticionarios

v.

RAYMOND FELIX FRIAS SANTIAGO Y SU ESPOSA NORMA MARESSA CINTRON ALBINO, ET ALS
Demandados-Recurridos

Núm. KLCE-99-01417

San Juan, Puerto Rico, a 9 de febrero de 2000

Panel integrado por su Presidente, Juez señor Miranda de Hostos
y los Jueces señor Rivera Pérez y señor Rodríguez García

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Mediante el presente recurso, se solicita de esta Curia la expedición del auto y la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 10 de noviembre de 1999, notificada a las partes el 12 de noviembre de 1999. En el referido dictamen, dicho Tribunal: (a) autorizó que la parte demandante enmendara la demanda original, condicionado a que pagara una sanción ascendente a la suma de setecientos dólares ($700) a favor del Estado; y (b) se reiteró en declarar no ha lugar una solicitud presentada por la parte demandante, a los efectos de que el foro recurrido designara un perito del tribunal en el caso de autos. No estando conforme con la anterior decisión, la parte demandante, aquí peticionaria, acude ante nos. No le asiste la razón a la parte aquí peticionaria. Se deniega la expedición del auto solicitado.

### I

El 11 de febrero de 1998, la parte demandante presentó ante el Tribunal de Primera Instancia la causa de acción que dio comienzo al presente litigio. ■ Las partes co-demandadas presentaron sus respectivas alegaciones responsivas, las cuales fueron acompañadas de una reconvención, y de demanda contra co-parte. ■ Según se desprende del expediente del caso de autos, el 16 de julio de 1998 fue celebrada una vista sobre el estado de los procedimientos, en la cual, entre otras cosas, el Tribunal de Primera Instancia, concedió a la parte demandante un término de: (a) veinticinco (25) días para que informara el nombre del perito que utilizaría en la vista en su fondo; (b) un término de treinta y cinco (35) días para que dicho perito rindiera su informe y lo notificara a las partes; y (c) un término de cuarenta y cinco (45) días para que enmendara la demanda. ■ De igual forma, surge de nuestro expediente que el 25 de agosto de 1998, el tribunal *a quo* concedió a la parte demandante, aquí peticionaria, una prórroga para que contratara y notificara a las partes el nombre del perito agrimensor que utilizaría en el caso. ■

El 8 de marzo de 1999, el tribunal *a quo* llevó a cabo otra vista sobre el estado de los procedimientos. ■ En la misma, el foro recurrido otorgó a la parte demandante un término de veinte (20) días, a partir de que recibiera la contestación a determinado interrogatorio, para que solicitara enmendar su demanda. ■ En dicha ocasión, el Tribunal de Primera Instancia indicó que *"[d]e no hacerlo en dicho término no se permitirá enmiendas adicionales a la demanda."* ■ Por otro lado, en tal vista, el foro recurrido concedió a la parte demandante un término *"final e improrrogable"* de treinta y cinco (35) días, a contarse a partir del 8 de marzo de 1999, para que el perito de la parte demandante rindiera su informe y lo notificara a las partes. ■ Luego de que fuera suspendida en varias ocasiones la vista sobre conferencia con antelación al juicio, la misma fue señalada para el 7 de octubre de 1999.

El 6 de octubre de 1999, la parte demandante, aquí peticionaria, presentó ante el Tribunal de Primera Instancia: (a) una moción solicitando que se nombrara un perito agrimensor designado por el tribunal; (b) una moción solicitando permiso del foro recurrido para enmendar la demanda; y (c) la demanda enmendada. En la vista celebrada el 7 de octubre de 1999, el Tribunal de Primera Instancia declaró no ha lugar tales peticiones. ■ De dicho dictamen, la parte demandante, aquí peticionaria, solicitó reconsideración. El 10 de noviembre de 1999, notificada a las partes el 12 de noviembre de 1999, el Tribunal de Primera Instancia emitió resolución que lee como sigue:

*"EN RECONSIDERACION, SE PERMITE LA ENMIENDA A LA DEMANDA, SIN EMBARGO, TAL ACCION ESTARIA CONDICIONADA AL PAGO DE UNA SANCION POR LA SUMA DE SETECIENTOS DOLARES ($700.) EN [SIC] FAVOR DEL ESTADO LIBRE ASOCIADO. DEBERA CONSIGNAR EN QUINCE (15) DIAS CONJUNTAMENTE CON LA ENMIENDA Y EMPLAZAMIENTOS PERTINENTES. POR OTRO LADO, NOS REITERAMOS EN NO ACCEDER A LA SOLICITUD DE LA PARTE DEMANDANTE PARA QUE SE DESIGNE A UN PERITO DEL TRIBUNAL. DICHA PARTE NO DEMOSTRO AL TRIBUNAL LA NECESIDAD O PERTINENCIA DE TAL RECLAMO."*

Inconforme con la anterior determinación, la parte demandante, aquí peticionaria, acude ante nos señalando como errores cometidos por el Tribunal de Primera Instancia los siguientes:

*"1. Erró el Tribunal de [Primera] [I]nstancia y actuó contrario a derecho al ignorar la jurisprudencia de vanguardia existente [e] imponer sanción exagerada de $700.00 a la parte demandante, aquí peticionaria, como condición para poder enmendar la demanda.*

*2. Erró el Tribunal de [Primera] [I]nstancia y actuó contrario a derecho al repudiar el principio de necesidad y negarse a nombrar un perito del tribunal que le permita conocer la verdad absoluta para adjudicar con plena justicia la controversia principal en el caso."*

## II

El propósito primordial de nuestro sistema de derecho es la solución justa, rápida y económica de los procedimientos judiciales. ■ Uno de los mecanismos que el Tribunal de Primera Instancia tiene a su alcance para dirigir los pleitos de forma que se logre una eficiente administración de la justicia, a tono con el principio contenido en la Regla 1 de las de Procedimiento Civil, *supra*, es el provisto por la Regla 44.2 de las de Procedimiento Civil. ■ Dicha regla dispone que:

*"El tribunal podrá imponer costas interlocutorias a las partes, y sanciones económicas en todo caso y en cualquier etapa a una parte y a favor del Estado por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia."*

De esta forma, la Regla 44.2 de las de Procedimiento Civil, *supra*, permite la imposición de costas interlocutorias cuando el tribunal considere que la parte ha incurrido en una conducta constitutiva de demora, obstrucción, inacción o falta de diligencia, ello en perjuicio de la eficaz administración de la justicia. ■ La regla en cuestión tiene el propósito de proveerle al tribunal un instrumento adicional para agilizar los procedimientos y de esta manera evitar la demora y congestión en los tribunales. Se trata, de la imposición de sanciones interlocutorias, las cuales, incluso, pueden ser impuestas a iniciativa propia del foro recurrido, haciendo uso de lo que constituye *"el ejercicio de su sana discreción".* ■

Hemos estudiado la totalidad del expediente del caso de autos, y aun cuando la parte aquí peticionaria lo omite en la relación que de los hechos procesales realizara como parte de su recurso, del mismo se desprende que el tribunal *a quo* brindó a la aquí peticionaria varias oportunidades para que enmendara su demanda, sin que dicha parte hiciera uso de tales oportunidades a dichos efectos. Esto es, en la vista sobre el estado de los procedimientos celebrada el 16 de julio de 1998, el Tribunal de Primera Instancia concedió a la parte

demandante, aquí peticionaria, un término de cuarenta y cinco (45) días para que enmendara la demanda. Posteriormente, el foro recurrido otorgó a la parte demandante un término de veinte (20) días, a partir de que recibiera la contestación a determinado interrogatorio, para que solicitara enmendar su demanda. ▆ Según mencionaramos anteriormente, en tal ocasión el Tribunal de Primera Instancia indicó que *"[d]e no hacerlo en dicho término, no se permitirá enmiendas adicionales a la demanda."* ▆ Así, contrario a lo alegado por la parte aquí peticionaria en su recurso, ésta sí fue advertida por el tribunal *a quo* sobre las consecuencias que conllevaría el no enmendar la demanda, dentro del término concedido. A pesar de ello, el Tribunal de Primera Instancia autorizó la referida enmienda. No obstante, en atención a que la parte aquí peticionaria incumplió con las órdenes y términos que previamente habían sido brindados a ésta a tales efectos, era razonable que el foro recurrido, por razón de la demora incurrida y haciendo uso de su facultad discrecional, impusiera una sanción económica por ello. No consideramos que la cuantía de las sanciones impuestas pueda ser catalogada como una que alcance los niveles de un abuso de discreción del foro recurrido. El primer error señalado no fue cometido.

En su segundo señalamiento de error, la parte aquí peticionaria argumenta sobre la improcedencia de que el Tribunal de Primera Instancia se negara a autorizar el que se designara un perito del tribunal. No le asiste la razón.

La Regla 59 de las de Evidencia, ▆ fuente legal que regula lo relativo a la designación de peritos del tribunal, dispone, en lo pertinente, que:

*"(A) Nombramiento. Antes del comienzo del juicio o durante el transcurso de éste, cuando el tribunal determine que es necesaria prueba pericial, podrá, de su propia iniciativa, o a solicitud de parte, nombrar uno o más peritos para que investiguen y sometan un informe según lo ordene el tribunal, o para que declaren en calidad pericial en el juicio. El tribunal determinará la compensación por los servicios del perito."*

El nombrar un perito del tribunal es catalogado como una cuestión discrecional. Tratándose de un poder discrecional, una parte no tiene derecho absoluto a que se nombre un perito del tribunal. ▆ Esto es, el tribunal puede, pero no tiene que nombrar peritos de su propia iniciativa o a solicitud de parte, cuando esa parte lo considere necesario para probar sus alegaciones. ▆

La contención de la parte aquí peticionaria en apoyo de su solicitud para que se designe un perito del tribunal, es que: (a) el caso de autos es uno complejo, con múltiples partes y controversias de hechos y de derecho; y (b) que la parte aquí peticionaria ha realizado innumerables gestiones para contratar un perito agrimensor y que las mismas han sido infructuosas. Las anteriores alegaciones resultan insuficientes a los fines de demostrar que es necesario y deseable que en el presente caso sea nombrado un perito del tribunal. Los argumentos presentados por la parte aquí peticionaria son vagos y poco precisos. A manera de ejemplo, podemos señalar que dicha parte no especificó, entre otras cosas: (a) porqué el presente caso es uno complejo: (b) cuáles son las referidas múltiples controversias de hechos y de derecho envueltas en el mismo; (c) cuáles fueron, con nombre y apellido, los peritos que intentó contratar, sin tener éxito en ello; (d) así como tampoco precisó la fecha y ocasión en que realizó los aludidos acercamientos a tales peritos. Siendo ello así, nos vemos impedidos de determinar que el Tribunal de Primera Instancia cometió un abuso de discreción al negarse a designar un perito del tribunal, según le fuera solicitado por la parte aquí peticionaria.

No habiéndose cometido los errores imputados y en ausencia de razón alguna que motive que este Tribunal asuma su jurisdicción y expida el auto solicitado, se deniega el mismo.

### III
Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.